ENTERED AND SERVED
MAY 1 2 1999
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

RECEIVED AND FILED
May 11 8 57 AM '99

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-S-98-309-JBR (RJJ) |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| VINCENT GEORGE PARKS, ) | |
| HAKIM MOHAMMED WILLIAMS, and ) | |
| ELLIS LEE CLARK, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant Parks' Motion to Sever Counts (#44), Defendant Clark's Motion for Severance (#46), and Defendant Williams' Motion for Severance of Counts (#47). The Court has considered Defendant Parks' Motion to Sever Counts (#44), Defendant Clark's Motion for Severance (#46) as it relates to the severance of counts, Defendant Williams' Motion for Severance of Counts (#47), the Government's Consolidated Response (#50) as it relates to those motions, and Defendant Clark's Motion to Join Co-Defendant Parks' Motions (#51).[1] The Court has also considered Defendant Parks' Reply to Government's Response to the Motion to Sever Counts (#53). Defendants Clark and Williams did not file reply briefs.

---

[1] Given that Defendant Clark filed a Motion for Severance (#46) on his own behalf, Defendant Clark's Motion to Join Co-Defendant Parks' Motions (#51) is denied as moot in relation to Defendant Parks' Motion to Sever Counts (#44).

AO 72
(Rev.8/82)

61

## BACKGROUND

On February 10, 1999, Defendants Vincent Parks, Hakim Williams, and Ellis Clark were charged in a Criminal Superseding Indictment with Conspiracy (Count One), Armed Bank Robbery and Aiding and Abetting (Count Two), and Use of a Firearm During and In Relation to a Crime of Violence and Aiding and Abetting (Count Three). Each defendant was also charged with Felon in Possession of a Firearm (Counts Four–Clark, Five–Parks, and Six–Williams). All three defendants bring separate motions for severance or bifurcation of the counts charging Felon in Possession of a Firearm (Counts Four, Five and Six, respectively) under Rule 14 of the Federal Rules of Criminal Procedure.[2]

## DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charges, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

However, Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

The Defendants in the instant case argue that they will be unduly prejudiced if the Felon in Possession of a Firearm Counts are tried along with the other charges against them because the jury

---

[2] Defendants Parks' and Clark's Motions for Severance of trial from their co-defendants are addressed in a separate order.

would receive evidence of their prior felony convictions that probably would not be admissible if the Felon in Possession of a Firearm charges were tried separately. For support of this argument, the defendants rely heavily on the Ninth Circuit opinion in United States v. Lewis, 787 F.2d 1318 (9th Cir. 1986), as amended by, 798 F.2d 1250 (9th Cir. 1986), cert. denied, 489 U.S. 1032 (1989). In Lewis, the defendant was tried for being a felon in receipt of a firearm, conspiracy, bank larceny, and killing to avoid apprehension for bank larceny. The district court denied the defendant's motion to sever the firearm count from the other count, but the court of appeals reversed, finding that the defendant was "manifestly prejudiced." Id. at 1323.

However, the Ninth Circuit most recently spoke on the issue of severance or bifurcation of counts in the context of a felon in possession of a firearm charge in United States v. Nguyen, 88 F.3d 812 (9th Cir. 1996), cert. denied, 519 U.S. 986 (1996). In a carefully worded opinion, the court of appeals held that the district court did not abuse its discretion by denying severance of a felon in possession of a firearm charge tried with conspiracy charges. The court based its opinion heavily on the particular facts of the case, which, in hindsight after the trial and conviction of the defendant, demonstrated that the defendant was not prejudiced by joinder of the charges. The court found significant the strength of the evidence against the defendant on the conspiracy charge, combined with the judge's limiting instructions given at the time the evidence was presented and again prior to deliberations, as well as the absence of any evidence indicating the jurors did not follow the court's instructions. Id. at 817-18. The court acknowledged that "'there is a high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced at trial of charges with respect to which the evidence would otherwise be inadmissible.'" Id. at 816, quoting

Lewis, 787 F.2d at 1322. The court further displayed its reluctance to support a blanket rule permiting routine joinder of felon in possession charges with other counts by its comment that, "[a]lthough the district court provided the jury with limiting jury instructions, we remain skeptical 'of the efficacy of such instructions no matter when they are given.'" Id. at 817, quoting Lewis, 787 F.2d at 1323. The court concluded its decision on this issue by stating that "severance or bifurcation is the preferred alternative." Id. at 818.

Given the highly factual nature of the Ninth Circuit's decision in Nguyen, its reluctance to overrule Lewis or adopt a blanket rule supporting limiting instructions or other such precautions in all felon in possession joinder cases, and the fact that the court's decision was made in hindsight, and the court's stated preference for severance, Nguyen is distinguishable from the facts in the instant case. The court noted in Nguyen that "we have consistently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice." 88 F.3d at 817. Although the government has offered to stipulate to the prior convictions of the defendants and promises that its attorneys will not unnecessarily refer to the status of the defendants as prior felons, the Court finds that even these efforts combined with the proper limiting instructions to the jury cannot adequately assure that the defendants would not be prejudiced at trial on the other charges. Additionally, the Court does not believe that the evidence the government intends to bring against the defendants on Counts One through Three is as strong as the evidence against Nguyen on the conspiracy charge. Thus, the Court holds that severance of Counts Four, Five and Six, the Felon in

Possession of a Firearm charges against Defendants Clark, Parks and Williams respectively, must be severed from the other counts against them to ensure that the defendants will not be unduly prejudiced by the admission of evidence of their previous felony convictions.

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Parks' Motion to Sever Counts (#44) is GRANTED.

IT IS FURTHER ORDERED that Defendant Clark's Motion for Severance (#46) as it relates to bifurcation of the counts is GRANTED.

IT IS FURTHER ORDERED that Defendant Williams' Motion for Severance of Counts (#47) is GRANTED.

IT IS FURTHER ORDERED that Defendant Clark's Motion to Join Co-Defendant Parks' Motion to Join Co-Defendant Parks' Motions (#51) is denied as moot as it relates to Defendant Parks' Motion to Sever Counts (#44).

DATED this 10th day of May, 1999.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge